UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

ELIZABETH PAYAN CALDERON,

        *Petitioner,*

v.                                    Case No. 3:26-cv-747-JEP-MCR

MARKWAYNE MULLIN, et al.,

        *Respondents.*

_____/

## **ORDER**

Through counsel, Petitioner, an immigration detainee, filed a petition for writ of habeas corpus under 28 U.S.C. § 2241 and complaint for emergency declaratory and injunctive relief. (Doc. 1). Petitioner argues that as "a non-citizen who has been residing in the United States, and has an application for asylum pending, [she] is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2)." (*Id.* at 7). As relief, she seeks immediate release. (*Id.* at 13).

Petitioner also filed an emergency motion for a temporary restraining order and preliminary injunction. (Doc. 2). In the motion, she asks the Court to prohibit Respondents "from transferring Petitioner from Flagler County" and to expedite these proceedings. (*Id.* at 13). Upon review of the petition and the motion, the Court finds Petitioner fails to show a substantial likelihood of

success on the merits. *See Schiavo ex rel. Schindler v. Schiavo*, 403 F.3d 1223, 1225–26 (11th Cir. 2005). As such, the motion is due to be denied.

Accordingly, it is **ORDERED**:

1.     Petitioner's emergency motion for a temporary restraining order and preliminary injunction (Doc. 2) is **DENIED**.[1]

2.     The **Clerk of Court** shall send a copy of the petition (Doc. 1) and this Order by **e-mail** to the United States Attorney for the Middle District of Florida (USAFLM.JAX.Civil.NewCases@usdoj.gov); and by **certified mail** to the Director of Enforcement and Removal Operations, Miami Field Office, 865 S.W. 78th Avenue, Suite 101, Plantation, FL 33324; the Attorney General of the United States, 950 Pennsylvania Avenue NW, Washington, DC 20530; and Sheriff Rick Staly, Flagler County Detention Facility, 1002 Justice Lane, Bunnell, Florida 32110. All costs of service shall be advanced by the United States.

3.     Respondents, within **30 days** from the date of this Order, shall respond to the petition and show cause why the petition should not be granted.

4.     If Petitioner is removed from the United States or otherwise released from custody, Respondents must file a notice within **3 days** of Petitioner's change in custody.

---

[1] Petitioner's counsel must comply with Local Rule 6.01(c).

2

5.    The parties must mark for identification all transcripts, briefs, affidavits, and other documentary exhibits and, if more than one, submit a table of contents or index (with a title, description, and date of each document). The Court will strike and return any exhibits that do not comply with these requirements. If a party relies on a deposition, the entire transcript must be filed.

6.    After Respondents file a response, Petitioner shall have **30 days** to file a reply to Respondents' response.

**DONE AND ORDERED** in Jacksonville, Florida, on April 8, 2026.

JORDAN E. PRATT
UNITED STATES DISTRICT JUDGE

c:
Counsel of Record